**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric and Cheryl Eberhard, et al., ) | No. CV 04-2761-PCT-NVW |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | [Not for Publication] |
| ) | |
| Town of Camp Verde, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

The court has before it Defendant Town of Camp Verde's ("Camp Verde") Motion to Dismiss, Doc. #22, Plaintiffs' Response to the Camp Verde's Motion to Dismiss, Doc. #23, Camp Verde's Reply to Plaintiffs' Response Motion, Doc. #26, and Plaintiffs' Complaint, Doc. #1.

This action arises generally out of "Camp Verde's grant of a use permit to the Yavapai-Apache Nation ("Nation") to conduct mining operations on non-reservation fee-owned land within the municipal limits of the Town of Camp Verde. The core claim contained in the Complaint is Count Six, which alleges that Camp Verde's grant of the use permit to the Nation violated the Arizona Zoning Enabling Act, A.R.S. 9-461, *et seq*. The Complaint also alleges violations of the Fourteenth Amendment's Equal Protection Clause and Due Process Clause and a violation of the Fifth Amendment's Takings Clause.

Based on these federal claims, the defendants removed the case to this court. However, because the federal claims appeared conclusory, the court ordered, Doc. #20, the

parties to submit briefing on the issue of whether the federal causes of action should be dismissed for failure to state a claim and the action remanded to Superior Court. This court has an independent duty to inquire into its subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Accordingly, in this Order, the court addresses whether Plaintiffs' federal causes of action state a claim upon which relief can be granted. The non-tribal Defendants then filed their Motion to Dismiss Pursuant to FRCP 12(b)(6) (doc. #22). The court has also considered the Response (doc. # 24) and the Reply (doc. # 26).

## I.   Statement of Facts

On October 10, 2002, in an action commenced by the Nation itself, the Yavapai County Superior Court enjoined the Nation from conducting mining operations on its land—which is located within the Town of Camp Verde. Complaint, ¶ 25. That injunction was granted on Camp Verde's counterclaim.

The parties then settled the Superior Court action, with the Nation agreeing to submit an application to Camp Verde for a use permit and the parties agreeing to dismiss the action. The Town Council held a Planning and Zoning Commission Hearing on July 3, 2003, at which the Nation's use permit application was discussed. Complaint, ¶ 41. Several speakers urged the Town Council not to approve the Nation's use permit request. Complaint, ¶ 43. Their reasons included the illegality of awarding the use permit, damage to the public's health, and damage to neighboring property. Complaint, ¶ 43. Concerns about the use permit were again raised on July 30, 2003, immediately before the Town Council voted to approve the Nation's use permit. Complaint, ¶ 51. In response, Plaintiffs, who own property near the Nation's mine, sued Camp Verde and the Nation under federal and state law for declaratory and injunctive relief to invalidate the use permit and abate the mining operation and for damages done to their property and their health as a result of the Nation's mining activities.   Plaintiffs first seven claims run solely against Camp Verde,[1] except for

---

[1] Plaintiffs also bring suit against the members of the Town Council in their individual capacities but make no allegations that would subject them to liability under federal law. Nor

Plaintiffs' claim that Camp Verde violated the Arizona Zoning Enabling Act, which requires that Plaintiffs also name the Nation. In their first cause of action, Plaintiffs allege that Camp Verde's decision to approve the use permit amounts to unlawful "spot zoning" in violation of Arizona's Zoning Enabling Act, the Arizona Constitution, and the United States Constitution. In their second cause of action, Plaintiffs allege that Camp Verde violated Plaintiffs' equal protection rights under the Fourteenth Amendment and 42 U.S.C. §1983 because Camp Verde failed to evaluate "comparable projects" under the same standards that were applied to the Nation's application. In Count Three, Plaintiffs allege that Camp Verde violated their Fourteenth Amendment right to procedural due process and 42 U.S.C. §1983 by approving the Nation's use permit without abiding by state-law zoning regulations. In Count Four, Plaintiffs allege that Camp Verde's approval of the Nation's use permit violated their equal protection rights under the Arizona Constitution. In Count Five, Plaintiffs allege that Camp Verde violated their due process rights under the Arizona Constitution by failing to abide by state-law zoning regulations. In Count Six, Plaintiffs allege that Camp Verde violated the Arizona Zoning Enabling Act, A.R.S. §9-462 *et seq.*, which establishes procedures that must be followed to rezone property, amend a zoning ordinance, or create new zoning restrictions. In Count Seven, Plaintiffs allege that Camp Verde violated the Takings Clause of both the federal and state constitutions when it approved the Nation's use permit because this conduct took Plaintiffs' land without just compensation. In their Eighth and Ninth Causes of Action, which are solely against the Nation and its enterprise, referred to as Yavapai-Apache Sand and Rock and Yavapai Sand and Gravel, Plaintiffs allege that the Nation's mining caused dust and noise to trespass on Plaintiffs' property and that the Nations' mining activities constitute a nuisance.

---

does Plaintiffs' brief address any basis for personal liability on the federal claims. The failure of all federal claims to state a claim upon which relief can be granted makes it unnecessary to discuss separately the pleading deficiencies in the personal liability claims.

## II.   Standard of Review

"A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief." *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999) (citation omitted).  In addition, "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## III.   Analysis

### A.   "Spot Zoning"

Plaintiffs allege that Camp Verde violated their constitutional rights by engaging in "arbitrary and unreasonable spot zoning bearing no substantial relationship to or consideration for the public health, safety, and welfare . . . ."  Complaint, ¶¶ 66, 69.  Spot zoning, in the parlance of Arizona courts, is the use of a zoning ordinance that is not "in accordance with the general or comprehensive plan designed to promote general welfare." *Haines v. City of Phoenix*, 151 Ariz. 286, 291, 727 P.2d 339, 344 (1986) (citation omitted). However, Plaintiffs have identified no case or authority creating a federal constitutional claim to challenge spot zoning. *See Buckles v. King County*, 191 F.3d 1127, 1138 (9th Cir. 1999) (analyzing the facts for a claim of illegal spot zoning as facts supporting Buckles' Fifth Amendment takings claim).  Therefore, this court will view the facts alleged under Plaintiffs' "spot zoning" cause of action as facts supporting their takings and equal protection claims. In addition, at oral argument, Plaintiffs conceded that there is no federal spot zoning claim.

Count I is therefore dismissed to the extent that it seeks to assert a separate federal cause of action.

### B. Equal Protection

Plaintiffs allege that Camp Verde's approval of the Nation's use permit violated the Fourteenth Amendment's Equal Protection Clause. Specifically, Plaintiffs allege that "Defendant Town has violated the Plaintiffs' equal protection rights under the Fourteenth Amendment to the United States Constitution by their failure to apply the same standards to their approval of UP 2003-02 as they had applied to other comparable projects, and by their arbitrary, capricious and inconsistent application of the Zoning Ordinance to the subject property." Complaint, ¶ 75.

The Fourteenth Amendment's Equal Protection Clause forbids the government's unequal or discriminatory application of the law. To succeed on an equal protection challenge, a plaintiff must demonstrate that the government action involved a suspect classification or implicated a fundamental right. *Patel v. Penman*, 103 F.3d 868, 875 (9th Cir. 1996). Without such a showing, an equal protection claim will fail if the action is rationally related to a legitimate state interest. *Id.* Plaintiffs' claim fails because they do not allege sufficient facts to make out an equal protection violation. Plaintiffs do not identify a discriminatory classification, and even if they did provide the necessary facts, Plaintiffs would lack standing to assert such a claim.

#### 1. Conclusory Allegation

Plaintiffs' Complaint alleges a bare legal conclusion without any factual basis. Conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 (9th Cir. 1986). Plaintiffs' only mention a classification when they allege that Camp Verde did not award use permits to comparable projects, but they do not allege the nature or circumstances of any comparable projects or how Camp Verde treated the applicants of those projects differently or in a discriminatory manner. In addition, Plaintiffs do not allege any facts explaining why Camp Verde's failure to issue use permits to other comparable projects was discriminatory as to the Plaintiffs. In short, Plaintiffs' equal protection claim is a conclusory allegation without supporting facts. This is insufficient to state a claim.

### 2. **Standing**

If insufficient facts were the only pleading deficiency, then Plaintiffs could amend their complaint. But in this case, amendment could not cure a further defect because Plaintiffs do not have standing to assert an equal protection violation on behalf of the applicants of comparable projects. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). To satisfy Article III's standing requirement, a plaintiff must have a "distinct and palpable injury" that "must be fairly traceable to the challenged action, and relief from the injury must be 'likely' to follow a favorable decision." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Plaintiffs attempt to assert third-party standing on behalf of other applicants who were not awarded mining permits. There is a two-part test for evaluating third-party standing. The first step is to determine whether the plaintiff has suffered an "injury-in-fact" sufficient to satisfy Article III's case and controversy requirement. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). The second step is to examine three prudential factors: "the relationship of the litigant to the person whose rights are being asserted; the ability of the person to advance his own rights; and the impact of the litigation on third-party interests." *Id.*

Assuming that Plaintiffs' have suffered an injury-in-fact—damage to their property and health—they have not alleged that they share the sort of close relationship with the unsuccessful applicants that is necessary to support a third-party standing claim. *See, e.g.*, *Griswold v. Conn.*, 381 U.S. 479, 481 (1965) (recognizing the doctor's standing to challenge a law as unconstitutional on behalf of his patients); *Powers v. Ohio*, 499 U.S. 400, 413 (1991)(upholding a criminal defendant's standing to assert constitutional claims on behalf of prospective jurors because the juror-defendant relationship "continue[s] throughout the entire trial and may in some cases extend to the sentencing as well"); *Caplin*, 491 U.S. at 624 (recognizing the attorney-client relationship as "one of special consequence"). Plaintiffs have failed to allege any type of relationship.

In addition, there is no indication that the other applicants cannot protect their interests or that there is an impediment to their being able to do so. In *Singleton v. Wulff*, 428 U.S. 106, 117 (1976), the Court upheld the doctor's third-party standing to challenge an abortion law and determined that two obstacles prevented other potential litigants from asserting such a challenge: first, a woman's desire to keep her decision to have an abortion private, and second, potential mootness. Unlike in *Singleton*, there are no apparent obstacles preventing the applicants who were denied use permits from challenging Camp Verde's decision to issue a permit to the Nation.

Plaintiffs do not satisfy the first or second elements under *Caplin*, and therefore they do not have standing to assert constitutional claims on behalf of applicants who were unable to secure use permits.

### 3.     Leave to Amend

Because Plaintiffs have not alleged sufficient facts to establish an equal protection claim and because they would not have standing to assert such a claim, this court dismisses Plaintiffs' claim that the Camp Verde violated their right to equal protection under the Fourteenth Amendment. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation and internal quotation marks omitted). At oral argument, Plaintiffs could not assert any more facts supporting an equal protection claim and did not say they could allege facts sufficient to survive a Rule 12(b)(6) motion for failure to state a claim if the court did grant them leave to amend their complaint. Plaintiffs' federal equal protection claim is therefore dismissed without leave to amend.

### C.     Procedural Due Process

Plaintiffs allege that they have a "constitutional right to due process, and to a meaningful and fair hearing before the Town Council on the matter of mining operations conducted in a residential/agricultural use zone." Complaint, ¶ 13. In addition, they allege

- 7 -

that "Defendant Town violated the Plaintiffs' due process rights under the Fourteenth Amendment to the United States Constitution by arbitrarily, capriciously and unreasonably approving UP 2003-02 as described above, without abiding by the procedures for legislative rezoning and general plan amendment as required by the laws of the State of Arizona." Complaint, ¶ 13.

"The requirements of procedural due process apply only to government deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). A procedural due process claim has two elements: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified*, 149 F.3d 971, 982 (9th Cir. 1998). When considering a procedural due process challenge to a government decision, a court must first decide whether the decision "was the type of government action to which due process applies," and must then decide whether the government's decision deprived the plaintiffs of a protected property interest. *Harris v. County of Riverside*, 904 F.2d 497, 501 (9th Cir. 1990).

Plaintiffs have not identified or alleged a property interest that is protected by procedural due process. Plaintiffs' allegation, at bottom, is that they have a constitutional right to due process and to a meaningful and fair hearing. But the general rule is that there is no procedural due process right to a hearing when a State passes a general zoning statute. *See Bi-Metallic Inc. Co.*, 239 U.S. 441, 445 (1915) ("The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard"). While exceptions to *Bi-Metallic's* broad rule are recognized, *see Harris*, 904 F.2d at 497, Plaintiffs have not cited any cases holding that a neighbor has a property right protected by procedural due process when a municipality grants a land use permit for the property of another. Plaintiffs' assertion of a protected property right is one step removed from *Harris* because Camp Verde did not rezone Plaintiffs' property.

- 8 -

Moreover, even if the Court were to assume that Plaintiffs have a property right protected by procedural due process, they have failed to allege facts showing that the hearing was conducted in an unfair manner or that they somehow did not receive process that was due. The fact that the Town Council voted to approve the use permit after speakers urged the Town Council not to do so does not demonstrate unfairness. A conclusory allegation that the Town Council failed to act in an impartial manner does not establish a procedural due process claim. *See Buckles*, 191 F.3d at 1137 ("The Buckles' briefs do not address the merits of their procedural due process claim, nor do they point to any evidence in the record that supports the complaint's conclusory assertion of impartiality.").

Likewise, Plaintiffs have failed to allege what process they were entitled to above and beyond what they received. In *Harris*, the court held that Harris had a property right protected by procedural due process when the government specifically targeted his property and rezoned it in a manner that affected Harris's ability to use his property. 904 F.2d at 502-03. The court concluded that procedural due process required that Harris receive individualized notice of the hearing where the rezoning of his property was discussed. *Id.* at 503-04. Unlike in *Harris*, there is no allegation here that Plaintiffs failed to receive notice of the hearing.[2] Plaintiffs' Complaint demonstrates that there was a Planning and Zoning Commission Hearing on July 3, 2003, and that Plaintiffs' concerns were raised at that hearing. Complaint, ¶ 8 ("Commissioner Whitmire also expressed concern on the record that granting the use permit conflicted with provisions in the adopted General Plan regarding preserving the integrity of the Plaintiff's neighborhood in accordance with Arizona statutory

---

[2]At oral argument Plaintiffs stated that they received notice that the hearing would be conducted in a legislative manner but instead the hearing was conducted in an administrative manner, and therefore the notice was insufficient to satisfy procedural due process requirements. Even if Plaintiffs are correct and the meeting was conducted in an administrative rather than a legislative manner, Plaintiffs received notice of the hearing where the use permit was discussed, and they had the opportunity to be heard. No cases suggest that mislabeling a hearing constitutes a procedural due process violation when the plaintiff received notice and attended the hearing.

- 9 -

1  law."). Plaintiffs have failed to allege any facts suggesting that they did not receive adequate
2  procedural due process.

3  In sum, Plaintiffs have identified no property interest protected by procedural due
4  process, conceded that they received notice of the town hearing and attended the hearing, and
5  allege nothing beyond a conclusory assertion that they did not receive adequate procedural
6  due process. For these reasons, Plaintiffs' federal due process claim is dismissed without
7  leave to amend for failure to state a claim. At oral argument, Plaintiffs' offered no additional
8  facts to support their procedural due process claim. Therefore, amendment could not cure
9  their defective procedural due process allegations.

10 **D.  Substantive Due Process**

11 Plaintiffs also appear to be invoking the substantive protections of the Fourteenth
12 Amendment's Due Process Clause. Specifically, Plaintiffs' Complaint alleges that "Defendant
13 Town violated the Plaintiffs' due process rights under the Fourteenth Amendment to the
14 United States Constitution by arbitrarily, capriciously and unreasonably approving UP 2003-
15 02 as described above, without abiding by the procedures for legislative rezoning and general
16 plan amendment as required by the laws of the State of Arizona."

17 In *Macri v. King County*, 126 F.3d 1125, 1127-31 (9th Cir. 1997), the Ninth Circuit
18 affirmed dismissal of the substantive due process claim joined with takings claims. The court
19 explained that "when an explicit textual provision of the Constitution protects against the
20 challenged government action, the claim must be analyzed under the specific provision alone
21 and not under the more general guarantee of substantive due process." *Id.* at 1128.
22 Therefore, Plaintiffs' substantive due process claim adds nothing to the taking claim and must
23 be dismissed.

24 **E.  Federal Takings Claim**

25 Plaintiffs allege that Camp Verde took their property in violation of the Fifth
26 Amendment, as incorporated by the Fourteenth Amendment. However, "[a] federal takings
27 claim is not ripe until a litigant has 'sought compensation through the procedures the State
28

has provided for doing so.'" *Spoklie v. Montana*, 411 F.3d 1051, 1057 (9th Cir. 2005) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank* , 473 U.S. 172 (1985)) (alterations omitted). *See also Macri*, 126 F.3d at 1129 ("[A] Fifth Amendment takings claim is not ripe until the plaintiff has been denied compensation by the state."); *San Remo Hotel, L.P. v. City and County of S.F.*, 125 S.Ct. 2491, 2501-07 (2005) (holding that even though a plaintiff must first pursue all available remedies under state law, issue preclusion bars a plaintiff from bringing a federal takings claim in federal court after the state court decided the state takings claim and state takings law is coextensive with federal takings law). Because Arizona law provides a remedy for takings, *see* Ariz. Const. art. 2, § 17, Plaintiffs must pursue that claim before a taking claim under the Fifth Amendment can be ripe. *See also Wonders v. Pima County*, 207 Ariz. 576, 580, 89 P.3d 810, 814 (Ariz. 2004) (referring to the Takings Clause of the Fifth Amendment and stating that "Article II, § 17 provides like protection"); *State ex rel. Miller v. Superior Court*, 189 Ariz. 228, 231, 941 P.2d 240, 244 (Ariz. 1997)(citing Ariz. Const. art. 2, § 17 for the proposition that "[t]he Arizona constitution requires 'just compensation' be paid to property owners prior to a taking) (citation omitted). Plaintiffs' Fifth Amendment takings claim is therefore not ripe for adjudication.

The proper disposition for an unripe federal takings claim is dismissal without prejudice. *See Macri*, 126 F.3d at 1129 (9th Cir. 1997)(stating that a federal takings claim is properly dismissed without prejudice on ripeness grounds); *Schnuck v. City of Santa Monica*, 935 F.2d 171, 174 (9th Cir. 1991)("The district court was consequently correct in dismissing her takings claim as unripe."); *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990)("[A]ppellants' takings and as-applied due process and equal protection challenges are unripe[, and] . . . when claims are unripe the correct disposition is dismissal . . . ."). Plaintiffs' federal takings claim is therefore dismissed without prejudice.

## IV. Conclusion

As discussed above, all of Plaintiffs' federal claims are dismissed. Plaintiffs' federal spot zoning claim is dismissed with prejudice for failure to state a claim because no such federal claim exists. Plaintiffs' equal protection, procedural due process, and substantive due process claims are dismissed with prejudice for failure to state a claim. Plaintiffs' federal takings claim is dismissed without prejudice on ripeness grounds.

The court determines pursuant to Rule 54(b), Fed. R. Civ. P., that there is no just reason for delay in entering final judgment dismissing the federal equal protection, federal due process, and federal taking claims and expressly directs the clerk to enter such judgment immediately.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss for failure to state a claim, Doc. # 22, is granted as to the federal spot zoning claim (part of the first cause of action), the federal equal protection claim (second cause of action), the federal due process claim (third cause of action), and the federal takings claim (part of the seventh cause of action). In addition, the court determines pursuant to Rule 54(b), Fed. R. Civ. P., that there is no just reason for delay in entering final judgment dismissing these four claims.

IT IS FURTHER ORDERED that the clerk enter immediate judgment dismissing with prejudice the federal spot zoning claim (part of the first cause of action), the federal equal protection claim (second cause of action), and the federal due process claim (third cause of action).

IT IS FURTHER ORDERED that the clerk enter immediate judgment dismissing without prejudice the portion of Plaintiffs' seventh cause of action that alleges a federal takings claim.

DATED this 2nd day of March 2006.

_____
Neil V. Wake
United States District Judge